UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HINO MOTORS MANUFACTURING U.S.A., INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS HETMAN,<br><br>Defendant. | Case No. 2:20-cv-10031 |

### PLAINTIFF'S SECOND MOTION FOR SANCTIONS AGAINST DEFENDANT CHRIS HETMAN

Plaintiff Hino Motors Manufacturing U.S.A., Inc., through counsel, hereby moves, pursuant to Federal Rule of Civil Procedure 16(f) and the Court's inherent authority, for sanctions against Defendant Chris Hetman for his failure to obey this Court's May 26, 2021 order. The Court's Order instructed Hetman to file responses to Hino's currently pending motion for leave to file an amended witness list, motion to seal, and motion for sanctions by July 26, 2021. (D.E. 46; *see* D.E. 37, 38, 40.) To date, Hetman has not filed a response to any of them. Accordingly, Hino requests that the Court enter default judgment against Hetman and award it its reasonable expenses, including attorney's fees incurred in bringing this Motion, under Rule 16(f)(2), in light of Hetman's refusal to follow the Court's Order. Alternatively, Hino requests that the Court consider each of its pending motions—including its first

1

motion for sanctions, Motion to Seal, and Motion to File Amended Witness List — without briefing from Hetman.

                Respectfully submitted,

                */s/ J. Michael Honeycutt*
                J. Michael Honeycutt (P60517)
                Ronald E. Reynolds (P40524)
                Benjamin S. Morrell (TPBR No. 35480)
                **FISHER & PHILLIPS LLP**
                227 West Trade Street, Suite 2020
                Charlotte, North Carolina 28202
                (704) 334-4565
                Fax: (704) 334-9774
                jhoneycutt@fisherphillips.com
                **ATTORNEYS FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HINO MOTORS MANUFACTURING U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> CHRIS HETMAN, <br><br> Defendant. | Case No. 2:20-cv-10031 |

### Plaintiff's Brief in Support of Motion for Sanctions

### Introduction

Hetman, a former Purchasing Manager for Hino, is the sole remaining Defendant in this action alleging a RICO conspiracy and other claims connected to an illegal kickback scheme Hetman conducted under Hino's nose until Hino discovered it and terminated Hetman's employment in late 2019. (*See* D.E. 1.) Hino reached a settlement with the other Defendants in November 2020. (*See* D.E. 28.) Since then, Hino has moved for sanctions against Hetman for a myriad of discovery abuses, including lying under oath, destroying evidence, and falsifying evidence. (*See* D.E. 40.)

On May 26, 2021, after holding a hearing, the Court granted the motion of Hetman's previous counsel to withdraw from this case. (D.E. 46.) The Court's Order

3

ordered Hetman to "secure new counsel by June 25, 2021," or else represent himself. (*Id.* at 2.) It gave new counsel "30 days from the time of appearance to respond to Hino's outstanding motions." (*Id.*) The Order provided that "If Hetman does not find new counsel, he will need to file his own responses to the motions by July 26, 2021." In no event did the order contemplate allowing a response to any of Hino's motions to be filed later than July 26, 2021. (*See id.*) The Court warned at the hearing and again in its Order that **("if Hetman does not comply with the discovery rules or court orders, he may face sanctions under Rule 26(g), Federal Rule of Civil Procedure 37, or the Court's inherent authority.")** (*Id.*)

Hetman secured new counsel, who entered an appearance in this case on July 6, 2021—well after the Court's deadline of June 25. (D.E. 48; *see* D.E. 46 at 2.) Hetman did not file a response to any of Hino's pending motions by the Court's deadline of July 26, or even within thirty days of his new counsel's tardy appearance. Nor did Hetman seek an extension of any kind. Now, two weeks after that deadline, Hetman has still not filed a response to any of Hino's currently pending motions.

## Legal Standard

Rule 16(f)(1) provides that a district court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." This includes an order "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). Federal courts also have the inherent authority to enter a default judgment against a

4

defendant in order to "manage their business so as to achieve the orderly and expeditious disposition of cases." *LaFleur v. Teen Help*, 342 F.3d 1145,1149 (10th Cir. 2003); *see Butera v. District of Columbia*, 235 F.3d 637, 661 (D.C. Cir. 2001) (holding that a district court may order sanctions, including a default judgment, pursuant to the court's inherent power to "protect [its] integrity and prevent abuses of the judicial process"). "[T]he inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991); *see also Flynn v. Thibodeaux Masonry, Inc.*, 311 F. Supp. 2d 30, 37–38 (D.D.C. 2004) (granting motion for default judgment pursuant to Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37(b)(2)(C) for failure to retain counsel). A district court's decision to enter a default judgment against a defendant is reviewed for abuse of discretion. *See Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (per curiam).

## Argument

Courts in the 6th Circuit consider four factors in evaluating whether a party's misconduct warrants the admittedly harsh sanction of default judgment. "They are: 1) whether the disobedient party acted in willful bad faith; 2) whether the opposing party suffered prejudice; 3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and 4) whether less drastic sanctions were imposed or considered." *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008) (per curiam).

First, Hetman has willfully failed to obey the Court's May 26, 2021 Order. Hetman attended the hearing and received clear instructions from the Court more than once regarding his obligations as a Defendant in this case. Hetman did not seek an extension of either deadline imposed by the Court—to obtain new counsel or to file responses to Hino's motions. And he still has not filed responses to any of them.

Second, Hino has suffered prejudice from the delay in these proceedings resulting from Hetman's refusal to obey the Court's directive in its May 26, 2021 Order. The delay from Hetman's counsel withdrawing already left Hino's motions, including its motion for sanctions, pending for nearly three months without a response, forcing Hino to incur costs seeking an extension of the Case Management Order's deadlines. (*See* D.E. 47.) Hetman's dilatory conduct since then has caused additional prejudice to Hino.

Third, the Court provided Hetman with this warning both at the hearing on his counsel's motion to withdraw and in its written order: **"if Hetman does not comply with the discovery rules or court orders, he may face sanctions under Rule 26(g), Federal Rule of Civil Procedure 37, or the Court's inherent authority."** (*Id.*) It is well established that both Rule 37 and the Court's inherent authority—which were specifically referenced—allow for this sanction in appropriate cases. *See* Fed. R. Civ. P. 37(b)(2)(A)(vi); *LaFleur*, 342 F.3d at 1149. And Hino asked for this remedy in its first motion for sanctions, further putting Hetman on notice of its availability under Rule 37. (*See* D.E. 40 at 1.)

6

Fourth, lesser sanctions would not be adequate here. Hetman has already engaged in a remarkable pattern of abuses and bad faith conduct during this litigation, as discussed at length in Hino's first motion for sanctions. (*See* D.E. 40.) Now, he has failed to obey a clear directive from this Court and failed to defend this action by filing responses to Hino's motions that have been pending for months. Default judgment is the only sanction that will appropriately remedy this situation. Hetman's refusal to lawfully participate in this lawsuit and follow the Court's Orders warrants it.

Should the Court choose not to enter default judgment against Hetman as a sanction for his failure to comply its orders, Plaintiff requests that the Court in the alternative consider Hino's first motion for sanctions, motion to seal, and motion for leave to file amended witnesses list, without hearing and/or any response briefing from Hetman, as he has forfeited the opportunity to be heard on that motion.

## Conclusion

For the reasons discussed above, Plaintiff's motion for sanctions should be granted and the Court should enter default judgment in Hino's favor.

    Respectfully submitted,

*/s/ J. Michael Honeycutt*
J. Michael Honeycutt (P60517)
Ronald E. Reynolds (P40524)
Benjamin S. Morrell (TPBR No. 35480)
**FISHER & PHILLIPS LLP**
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202

7

        (704) 334-4565  
        Fax: (704) 334-9774  
        jhoneycutt@fisherphillips.com  
        **ATTORNEYS FOR PLAINTIFF**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| HINO MOTORS MANUFACTURING U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> CHRIS HETMAN, TODD SHEPLEY, BRUCE SCHROEDER, JOHNATHAN BOYER, and BOYER CONSULTING, LLC, <br><br> Defendants. | Case No. 2:20-cv-10031 |

## CERTIFICATE OF SERVICE AND CONSULTATION

I hereby certify that on the date listed below, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will serve it on the attorneys of record.

I further certify that, pursuant to Local Rule 7.1(a), I reached out to counsel for Defendant Hetman via e-mail and at the time of filing this Motion and was unable to secure Defendant's concurrence.

Date: August 11th, 2021

/s/ J. Michael Honeycutt, Esq.
J. Michael Honeycutt
ATTORNEY FOR PLAINTIFF

9