UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HINO MOTORS
MANUFACTURING
USA, INC.,

                Plaintiff,        Civil Action No.: 20-10031
                                    Honorable Arthur J. Tarnow
v.                            Magistrate Judge Elizabeth A. Stafford

CHRIS HETMAN,

                Defendant.

_____/

## REPORT AND RECOMMENDATION TO GRANT
## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF NO. 40, 49)

### I.    Introduction

Plaintiff Hino Motors Manufacturing USA, Inc., sues Chris Hetman, alleging that while employed by Hino, he received kickbacks from sales commissions paid by Hino suppliers.  ECF No. 1.  Hino asks the Court to enter sanctions against Hetman, including entry of a default judgment, because of Hetman's alleged serious discovery abuses.   ECF No. 40, 49. Hino claims that Hetman manufactured fraudulent evidence, supplied false responses to written discovery, testified falsely in his deposition, and spoliated evidence.  ECF No. 40, 49.  After a November 9, 2021 hearing,

the Court recommends[1] an order of default judgment be entered against

Hetman, and that an evidentiary hearing be held to compute damages.

## II.    Background

### A.

Hino sues Hetman for breach of fiduciary duty, breach of

confidentiality agreement, fraud, statutory conversion, and unjust

enrichment, as well as Computer Fraud and Abuse Act and RICO

violations.  ECF No. 1.  Hino is a truck manufacturer, and Hetman was its

purchasing manager.  *Id*.  Boyer Consulting represented suppliers in the

automotive and truck industries and received commissions from the

contracts that it helped the suppliers secure.[2]  *Id.*  Hino contends that

Hetman gave Hino's confidential pricing information to Boyer Consulting as

part of a scheme to funnel contracts to suppliers represented by Boyer, and

that Boyer Consulting paid Hetman kickbacks in exchange.  *Id.*  Hino

received an anonymous letter about the scheme, and its internal

---

[1] Judge Tarnow referred the motion under § 636(b)(1)(A) for hearing and determination, but because the Court recommends entry of a default judgment, it must prepare a report and recommendation under § 636(b)(1)(B).  *See Builders Insulation of Tenn., LLC v. Southern Energy Solutions*, 2020 WL 265297, at *4-5 (W.D. Tenn. Jan. 17, 2020) (collecting cases).

[2] Boyer Consulting and three of its Boyer representatives were dismissed as defendants in November 2020.  ECF No. 28.

investigation yielded corroborating evidence.  ECF No. 40-1.

After filing its complaint, Hino served discovery requests on Hetman

to elicit more information and documents relating to the money Boyer

Consulting paid to Hetman, the identities of the suppliers involved, and

communications between Hetman and Boyer Consulting.  Hino contends

that Hetman responded to discovery by providing untruthful answers to its

requests for admission and interrogatories, producing fabricated

documents, giving false deposition testimony, and spoliating evidence.

**B.**

Hetman originally denied ever hearing of Boyer Consulting.  ECF No.

40-1, ¶5.  And in his initial discovery responses, he denied receiving

compensation from Boyer Consulting.  ECF No. 40-12.  But after Boyer

Consulting produced 1099 forms showing payments of over $295,000 to

Hetman between 2015 and 2019, Hetman conceded Boyer Consulting paid

him and he produced invoices he purportedly issued to Boyer Consulting

for outside consulting services.  ECF No. 40-2, PageID.2805-2980.  Hino

asserts that Hetman fraudulently manufactured these invoices to legitimize

the kickback payments from Boyer Consulting.  ECF No. 40.

To support the assertion that Hetman created the invoices as after-

the-fact justification for payment, Hino relies on the declarations of

3

Jonathan Boyer, Todd Shepley, and Bruce Schoeder, who all deny that Hetman either sent the purported invoices to Boyer Consulting or provided any services unrelated to Hino.  ECF No. 62-1, 62-2, 62-3.  Hino also claims that the purported invoices, with dates beginning in March 2015, listed a St. Clair Shores address for Boyer Consulting that it did not occupy until May 2016.  ECF No. 62-1, PageID.3630.  As proof, Hino provides a copy of the warranty deed reflecting the May 2016 transfer of the St. Clair Shores property to Boyer Consulting's principal; a copy of the July 2016 email notification of Boyer Consulting's change of address; and a copy of the real estate listing showing that the St. Clair Shores property was not even listed for sale until March 2016.  ECF No. 40-6, 40-7, 40-8.

At deposition, Hetman testified that he sent the invoices to the address Boyer Consulting had given him and he failed to explain how he had Boyer's future address.  ECF No. 40-2, PageID.2677-2678.  Hetman also testified that he generated and kept the Boyer Consulting invoices on his Hino-issued laptop, and he printed them from that laptop using his personal printer.  *Id.*, PageID.2679-2680.  But both Hino's information technologies manager and an outside forensic consultant maintain that Hetman's laptop was, by company policy, never configured to print from any printer not controlled by Hino, and that the Boyer Consulting invoices

4

were not created or stored on the Hino-issued laptop.[3]  ECF No. 40-9,
PageID.2993, ¶8; ECF No. 40-10, PageID.2998-2999.  Hetman does not
rebut this evidence and he claimed that he "discarded" the personal printer
he used for the invoices after it stopped working, so he could not produce it
for inspection.  ECF No. 40-11, PageID.3477.

## C.

Hino contends that Hetman also provided multiple false answers in
response to written discovery.  First, Hino notes Hetman denied receiving
compensation from Boyer Consulting in Hino's Request to Admit, and
justified the denial in his interrogatory responses by stating the request to
admit was "untrue in fact."  ECF No. 40-12, PageID.3483; ECF No. 40-13,
PageID.3499.

Next, Hino identifies Hetman's omission of his Gmail and Hotmail
account addresses and passwords as false interrogatory responses (First
Set of Interrogatories #3, 14, 18).  *Id.*, PageID.3494, 3498-3499.  Hetman
falsely said in response to a request for production of documents that all his
email and correspondence with Boyer Consultants and its representatives
were on the Hino-issued laptop or mobile phone that Hino then had in its

---

[3] The forensic consultant also found no trace of internet research Hetman
claims he conducted using the Hino laptop as part of his services to Boyer
Consulting.  ECF No. 40-10, PageID.2999.

possession.  ECF No. 40-15, PageID.3516-3517; ECF No. 40-16, PageID.3527.  But Hino discovered emails from Hetman's internet-based email accounts not on the Hino laptop or cellphone.  ECF No. 62-5. Hetman also omitted Boyer Consulting from the list of entities to which he provided consulting services.  ECF No. 40-14, PageID.3507.

Hino asserts that Hetman's lies and omissions about his internet-based email accounts caused evidence in those accounts to be lost.  ECF No. 59.  At the hearing, counsel for Hino explained that Microsoft (Hotmail) and Google (Gmail) deleted the inactive email accounts[4] Hetman used to communicate with Boyer Consulting and its representatives before Hino discovered that Hetman's answers were false and compelled him to disclose the log-in information.  Hino complains that, by concealing those email accounts, Hetman permanently deprived it of the right to inspect the correspondence between Hetman and Boyer Consulting.  *Id.*, PageID.3600.

### III.   Analysis

A district court may sanction parties with entry of default judgment for discovery abuses under Federal Rule of Civil Procedure 37.  *KCI USA, Inc. v. Healthcare Essentials, Inc.,* 801 F. App'x 928, 933 (6th Cir. 2020).

---

[4] Hetman's counsel did not contest that these accounts were deleted.

Courts consider four factors in this analysis:

1) whether the disobedient party acted in willful bad faith;
2) whether the opposing party suffered prejudice;
3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and
4) whether less drastic sanctions were imposed or considered.

*Id.* at 934.  Although no one factor is dispositive, bad faith is the preeminent consideration.  *Id.; United States v. Reyes*, 307 F.3d 451,458 (6th Cir. 2002); *Schafer v. City of Defiance Police Dept*., 529 F.3d 731, 737 (6th Cir. 2008).  Default judgment is proper against a defendant who has engaged in contumacious conduct, perverse resistance of authority, or stubborn disobedience.  *Id.*

Default judgment as a sanction for discovery abuse is warranted when "no alternate sanction would protect the integrity of the pre-trial proceedings."  *Buck v. U.S. Dept. Of Agriculture, Farmers Home Admin*., 960 F.2d 603, 608 (6th Cir. 1992); *see also State Farm Mut., Auto. Ins. Co. v. Max Rehab Physical Therapy, LLC*, No. CV 18-13257, 2021 WL 2843832 (E.D. Mich. June 28, 2021), *adopted*, No. CV 18-13257, 2021 WL 3930133 (E.D. Mich. Sept. 2, 2021) (recommending default judgment after warnings and lesser sanctions failed to spur compliance with discovery orders).  Although entry of default judgment is a drastic measure, the district court does not abuse its discretion in entering a default judgment to

punish a party for "egregious conduct and to deter other litigants who might be tempted to make a mockery of the discovery process." *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 378 (6th Cir. 2008).

The Court also has inherent authority to sanction bad-faith conduct. *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011); *Plastech Holding Corp. v. WM Greentech Auto. Corp.*, 257 F. Supp. 3d 867, 872 (E.D. Mich. 2017). Default judgment is especially an appropriate sanction when a party has committed a fraud on the court. *Id.* "Courts have routinely held that a party commits fraud on the court when it fabricates evidence and submits that evidence to the court…." *Id*. at 874.

Under Rule 37 and its inherent authority, the Court finds that a default judgment should be entered against Hetman.

## A.

The most important consideration for sanctions under either Rule 37 or the Court's inherent authority is whether a defendant "acted in willful bad faith." *KCI*, 801 F. App'x at 934; *First Bank of Marietta v. Hartford Underwriters Ins. Co*., 307 F.3d 501, 519 (6th Cir. 2002). A party's fraud on the court, such as the fabrication of evidence, shows bad faith and warrants the most severe sanction of dismissal or default judgment. *See Plastech*, 257 F. Supp. 3d at 872-873, 878 (case law replete with instances of courts

dismissing actions with prejudice upon finding that a party fabricated evidence).

The evidence shows that Hetman has acted in bad faith.  Hino proved that Hetman falsely denied that he received compensation from Boyer Consulting.  ECF No. 40-12, PageID.3483; ECF No. 40-13, PageID.3499; ECF No. 40-2, PageID.2735-2811, 2682-2733.  Caught in that lie, Hetman then falsified invoices he purportedly issued to Boyer Consulting.  ECF No. 40-2, PageID.2805-2980; ECF No. 40-6, 40-7, 40-8; ECF No. 62-1, 62-2, 62-3; ECF No. 62-1, PageID.3630.  And Hetman falsely denied that he fabricated the invoices during his deposition.  ECF No. 40-2, PageID.2677-2680.  Hetman also concealed his use of internet-based email accounts, and falsely claimed that all his email correspondence with Boyer Consulting representatives was on his Hino-provided laptop. ECF No. 40-10, PageID.2999; ECF No. 62-5; ECF No. 40-15, PageID.3516.  And Hetman failed to preserve the personal printer he allegedly used to print the Boyer Consulting invoices.  ECF No. 40-2, PageID.2673, 2680; ECF No. 40-11, PageID.3477-3478.

In sum, Hino presented persuasive and unrebutted evidence that Hetman lied and fabricated invoices, and that Hetman's discovery violations have been pervasive and deceptive.

9

At the hearing, counsel for Hetman asked for an evidentiary hearing, but the Court rejects that request.  To determine "both the requisite bad faith of the party and the appropriate sanction," courts "must comply with the mandates of due process," but "there is no requirement that a full evidentiary hearing be held before imposing sanctions."  *Plastech*, 257 F. Supp. 3d at 873 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) and *Metz*, 655 F.3d at 491) (internal quotation marks omitted).  "Due process merely requires that the party receives 'fair notice and an opportunity for a hearing on the record.'" *Id.* (quoting *Metz*, 655 F.3d at 491) (emphasis in the original).  A party receives fair notice of the possibility of inherent authority sanctions when an opposing party files a motion requesting them.  *See Metz*, 655 F.3d at 491.

Hino's motion for sanctions provided Hetman with fair notice that the Court could impose sanctions under its own inherent authority.  Hetman responded to and was heard on the issues of bad faith and sanctions.  ECF No. 57.  Due process has been satisfied without an evidentiary hearing. *See Plastech*, 257 F. Supp. 3d at 873.

And there is no genuine factual conflict to be resolved by an evidentiary hearing.  In his tardy response brief, Hetman admits that he denied consulting with and receiving compensation from Boyer Consulting.

ECF No. 57, PageID.3758, 3795.  He confirms that he did not disclose his personal email addresses and their passwords or produce all the requested emails from those accounts.  *Id.*, PageID.3578-3579.

Hetman asserts that the many "inconsistencies" in his discovery responses are not proof that he is a liar or that he fabricated evidence, and that he should "be given the chance to raise any defenses, review the claims of other witnesses, or point out the validity of evidence that supports him…."  *Id.* at 3594-3595.  But Hetman has had ample opportunity to depose the witnesses whose declarations contradict his assertions about the invoices and to marshal other evidence to refute Hino's allegations of fabrication.[5]  Hino's motion for sanctions was Hetman's invitation to raise defenses, review claims of witnesses, and point out the validity of conflicting evidence.  But he points to no conflicting evidence.  Instead, he offers only his unsupported, implausible denials of wrongdoing to rebut the persuasive evidence of discovery abuse supplied by Hino.

Even at the hearing, held six months after Hino first argued for sanctions, Hetman's counsel provided no explanation or evidence to

---

[5] Hino first moved for sanctions in May 2021, but Hetman did not respond to that motion until August 26, 2021, and the Court did not hold the hearing on the motion until November 9, 2021, giving Hetman more than six months to gather rebuttal evidence.

counter Hino's proofs of discovery abuse. Without even a hint of a genuine factual dispute of whether the alleged discovery abuse occurred, an evidentiary hearing would achieve nothing but more delay.

Hetman also argues that Hino has merely presented a routine dispute of fact that should be presented to the jury for it to decide whether he received kickbacks from Boyer Consulting. ECF No. 57, PageID.3595-3596. But Hino's motion for sanction is not about conflicting evidence going to the merits of the case; it is about misconduct that subverts the integrity of the judicial process. *Ndoye v. Major Performance LLC*, 2017 WL 822110, at \*1, 10-11 (S.D. Ohio March 1, 2017). In *Ndoye*, the plaintiff argued that the defendant had raised only conflicting evidence about the merits of the case that was not sanctionable under the court's inherent authority. *Id*. at \*11. The court rejected that argument, finding "that plaintiff's repeated false statements throughout these proceedings, if unchecked, would profoundly threaten the integrity and vitality of our judicial system, which rests on a foundation of laws not lies." *Id*.

The same is true here; in bad faith, Hetman persistently lied and fabricated evidence, and the most severe sanctions should be imposed. He has forfeited his right to defend himself before a jury at trial.

12

**B.**

The second factor addresses prejudice to the opposing party.  "A party is prejudiced when it is unable to secure the information requested and required to waste time, money, and effort in pursuit of cooperation which the opposing party was legally obligated to provide."  *Barron v. University of Michigan*, 613 F. App'x 480, 485 (6th Cir. 2015) (quotation and marks omitted).  Hino has wasted time, money, and effort to uncover critical evidence because of Hetman's demonstrably false discovery responses.  And Hino never gained access to critical emails from Hetman's personal accounts relating to his dealings with Boyer Consulting.  "[I]n cases like this one, where the obstruction prevented the other party from accessing evidence needed" to prosecute the case, default is the appropriate sanction.  *Mack*, 270 F. App'x at 378; see also, *KCI*, 801 F. App'x at 935.

**C.**

For the third factor, the Court must address whether it warned Hetman that failure to cooperate could lead to a default judgment.  An earlier warning is relevant, but not required when there is evidence of bad faith or contumacious conduct.  *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997).  Thus, Hetman's bad faith eliminates the warning

requirement.

But Hetman *was* warned that his disobedience could prompt a default judgment against him. In the May 2021 order granting his counsel's motion to withdraw, the Court warned Hetman that he would face sanctions under Rule 26, Rule 37, or the Court's inherent authority if he did not comply with discovery rules or court orders. ECF No. 46; ECF No. 54. Hetman was also warned "that a default judgment against him may be imposed if there is no alternate sanction [that] would protect the integrity of the pre-trial proceedings." *Id.* (internal citations and quotation marks omitted). "Notice is satisfied." *KCI*, 801 F. App'x at 936.

## D.

The last factor—whether lesser sanctions have been imposed or considered—also supports default judgment. First, when presented with sufficiently egregious conduct, a court need not hesitate to order default judgment as the first and only sanction. *Harmon*, 110 F.3d at 369. The Court finds Hetman's spurious conduct warrants the severest sanction.

The Court also finds that no lesser sanction would appropriately punish Hetman. A monetary award of attorneys' fees and costs "would not fairly compensate [Hino] for the prejudice [it] suffered, and would do nothing to recover information that could be essential to [its] case at trial."

14

*Mack*, 270 F. App'x at 377.  The information Hetman concealed would have almost certainly supported Hino's claims, not Hetman's defenses, so forbidding him from using the unproduced information would not punish him.  *See id.*  And although most of the discovery abuse centered on the invoices Hetman purportedly issued to Boyer Consulting, barring his use of those invoices for his defense would not address his failure to disclose, produce, or preserve the emails from his two personal accounts.  *Id.*  Thus, default judgment is the only sanction that "would protect the integrity of the pre-trial proceedings."  *Buck*, 960 F.2d at 608.

## IV.    Conclusion

The Court **RECOMMENDS** that Hino's motion for default judgment, ECF No. 40, 49, be **GRANTED**.  The amount of the damages should be determined in a separate hearing.   Based on the parties' stipulation at hearing, the other pending motions ECF No. 37, 62, are **GRANTED** if they are not moot.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 14, 2021

15

## <u>NOTICE TO THE PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 14, 2021.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

17