UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HINO MOTORS MANUFACTURING
USA, INC.,

             Plaintiff,

             v.

BOYER CONSULTING, LLC, ET AL.,

             Defendants.

_____/

Case No. 20-10031

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER ADOPTING REPORT AND RECOMMENDATION [67], GRANTING
PLAINTIFF'S MOTIONS FOR SANCTIONS [40, 49], ENTERING DEFAULT JUDGMENT
IN PLAINTIFF'S FAVOR AGAINST DEFENDANT CHRIS HETMAN, AND DIRECTING
MAGISTRATE JUDGE TO CONDUCT AN EVIDENTIARY HEARING AS TO DAMAGES**

On May 3, 2021, Plaintiff, Hino Motors Manufacturing USA, Inc, filed a

Motion for Sanctions against Defendant, Chris Hetman, for "knowingly and

willfully manufactur[ing] fraudulent evidence, provid[ing] false responses to written

discovery and at deposition, and spoli[ng] evidence." (ECF No. 40, PageID.2617).

Shortly thereafter, Defendant's attorneys moved to withdraw as counsel. (ECF No.

43). Both Motions [40, 43] were referred to the Magistrate Judge, who, after

conducting a hearing, granted the Motion to Withdraw [43] and temporarily held in

abeyance the Motion for Sanctions [40] pending Defendant's retention of new

counsel. (ECF No. 46). Defendant was instructed to secure new counsel by June 25, 2021, and respond to the Motion [40] no later than July 26, 2021. (*Id.* at 3547).

Although Defendant obtained new counsel, he did so after the June 25 deadline, and his new attorney failed to timely respond to the Motion for Sanctions [40]. (ECF No. 48). Accordingly, Plaintiff filed a second Motion for Sanctions on August 11, 2021. (ECF No. 49). The Court referred the second Motion for Sanctions [49] to the Magistrate Judge, who, after holding a teleconference with the parties, granted Defendant an extension until August 25, 2021, despite his "continued delinquencies and failure to move for an extension." (ECF No. 54, PageID.3573). Defendant was warned, however, "that a default judgment against him may be imposed if [it is determined that] there is 'no alternate sanction [that] would protect the integrity of the pre-trial proceedings.'" (*Id.* (quoting *Buck v. U.S. Dep't of Agric.*, 960 F.2d 603, 608 (6th Cir. 1992))).

Following an in-person hearing on the two Motions for Sanctions [40, 49] and a related Motion to Seal [62], the Magistrate Judge issued Report and Recommendation ("R&R"). (ECF No. 67). The Magistrate Judge found: 1) "persuasive and unrebutted evidence" that Defendant acted in bad faith by lying and fabricating invoices, 2) that Defendant's pervasive violations have prevented Plaintiff from accessing the evidence necessary to prosecute its case, 3) that Defendant had been warned about the possibility of a default judgment being entered

against him, and 4) that no sanction other than default judgment would provide an appropriate punishment. (*Id.* at 4546, 4551-52). Accordingly, the Magistrate Judge recommended that Plaintiff's Motions for Sanctions [40, 49] be granted, that a default judgment be entered against Defendant Hetman in favor of Plaintiff, and that a separate hearing be conducted to determine damages. (*Id.* at 4552). No objections to the R&R were filed within the fourteen-day period for filing objections.

The Court having reviewed the record, the R&R [67] is hereby **ADOPTED** and entered as the findings and conclusions of the Court.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motions for Sanctions [40, 49] are **GRANTED.**

**IT IS FURTHER ORDERED** that a default judgment is entered in Plaintiff's favor against Defendant Chris Hetman.

**IT IS FURTHER ORDERED** that the Magistrate Judge conduct an evidentiary hearing as to damages pursuant to 28 U.S.C. § 636(b)(1)(B).

**SO ORDERED**.


                                       s/Arthur J. Tarnow
                                       Arthur J. Tarnow
Dated: January 5, 2022           Senior United States District Judge