UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **HINO MOTORS MANUFACTURING USA, INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**BOYER CONSULTING, LLC, et al.,**<br><br>Defendants. | 2:20-CV-10031-TGB-EAS<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 83)** |

This matter is before the Court on Magistrate Judge Elizabeth J. Stafford's August 4, 2022 Report and Recommendation (ECF No. 83), recommending that Plaintiff's Request for Damages, Attorney's Fees, and Costs (ECF No. 75) be granted in part and denied in part.

Given the unusual posture of the case, the Court will provide a brief procedural overview. Hino Motors Manufacturing USA, Inc. sued its former purchasing manager, Chris Hetman, for allegedly disclosing confidential information about its operations to a supplier-side sales representative agency, in exchange for kickback payments, as part of a scheme to funnel contracts to the agency's suppliers.[1] (ECF No. 1.) The complaint asserted claims for violations of the Racketeer Influenced and

---

[1] Hino Motors also sued Boyer Consulting, LLC, the sales representative agency, and three of its agents—Johnathan Boyer, Todd Shepley, and Bruce Schroeder—but it independently resolved its claims against these defendants and dismissed them from the action. (ECF No. 28.)

1

Corrupt Organizations Act (RICO), unjust enrichment, statutory conversion, violations the Computer Fraud and Abuse Act, breach of fiduciary duty, breach of contract, and fraud. (*Id.*)

During discovery, Hino Motors told the Court that Hetman was committing a series of serious abuses—including manufacturing fraudulent evidence, supplying false responses to discovery, testifying falsely during his deposition, and destroying evidence—and asked for sanctions. (ECF Nos. 40, 49.) The then-presiding judge, Judge Arthur J. Tarnow, referred the sanctions requests to Magistrate Judge Stafford. (ECF Nos. 41, 50.) On her Report and Recommendation, Judge Tarnow granted the requests, entered default judgment on liability against Hetman, and referred the matter back to Magistrate Judge Stafford for determination of Hino Motors' damages. (ECF No. 69.)

While the damages determination was pending, the case was transferred to the undersigned. (*See* Text-only docket entry of February 22, 2022.) Hino Motors then submitted a memorandum, requesting a total of $2,930,822.85 in damages, fees, and costs on its breach of contract, breach of fiduciary duty, and RICO claims. (ECF No. 75.) After receiving Hetman's response (ECF No. 78) and holding a telephonic conference with the parties, Magistrate Judge Stafford prepared a Report and Recommendation (ECF No. 83), concluding that Hino Motors had a right to recover from Hetman a total of $2,942,966.60 in damages and attorney's fees, broken down as follows:

2

- $296,110.75 for kickback payments Hetman received from Boyer between 2015 and 2019;
- $532,957.85 for commissions Boyer received from Hino Motors as a result of Hetman's information between 2016 and 2019;
- An additional $1,614,137.20 under 18 U.S.C. § 1964(c);
- $499,760.80 in attorneys' fees.

In making this calculation, the R&R noted that Hino Motors did not appear to be seeking treble damages for kickback payments Hetman received in 2015 ($22,000 of $296,110.75 he received from Boyer) and that Hino Motors's memorandum contained a mathematical error—*i.e.*, the grand total requested was less than the sum of the line items. It also rejected a request for $9,865.25 in expert witness fees.

The Court has reviewed the Magistrate Judge's Report and Recommendation and finds that it is well-reasoned and supported by the applicable law. The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1). The district court will make a "de novo determination of those portions of the report … to which objection is made." *Id*. Where, as here, neither party has objected to the report, the district court is not obligated to independently review the record. *See Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). The Court will, therefore, accept the Magistrate Judge's Report and Recommendation as its findings of fact and conclusions of law.

Accordingly, it is **ORDERED** that Magistrate Judge Stafford's Report and Recommendation (ECF No. 83) is **ACCEPTED** and **ADOPTED**. A Default Judgment will be entered against Hetman in the amount of $2,942,966.60.

**SO ORDERED** this 18th day of October, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge